FILED
2007 Feb-07 PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2007 FEB -6 PM 3: 01
U.S. DIST. COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Middle Division

| | | |
|---|---|---|
| LINDA ANN KENDRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| CLIENT SERVICES, INC. | ) | CV-07-PT-0253-M |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

COMES NOW the Plaintiff and complains against the Defendant as follows:

## JURISDICTION

1.  This is an action pursuant to the Fair Debt Collection Practices Act (hereinafter referred to as the Act), 15 U.S.C. § 1692 *et seq.*, for actual and statutory damages, costs and attorney fees; and for state law claims of invasion of privacy.

2.  This Court's jurisdiction is invoked pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331. Plaintiff requests that the Court exercise supplemental jurisdiction over the state law claims in Count II.

3.  Venue is proper as Defendant directed its [collection] actions into this District, where Plaintiff resides.

## PARTIES

4.  Client Services, Inc. is a Missouri corporation whose principle place of business is situated in St. Louis, MO.

5.  Plaintiff Linda Ann Kendrick is a natural person who, at all times material hereto, resided in St. Clair County, Alabama.

## FACTS

6.  Plaintiff avers that on or about February 7, 2006, at approximately 4:00 p.m., she received a call on her cell phone from an individual identifying himself as Tim Ryan. Ryan stated he was calling for Chase Bank concerning a debt Plaintiff owed to Chase. Ryan demanded that Plaintiff "settle" her debt with Chase by paying $7,300.00 or getting a friend or relative to charge said sum on their credit card; giving to Plaintiff a telephone number, 800-521-3236, to contact Ryan by 5:30 p.m. that day or else...but not stating the consequence. At no time during said conversation did Ryan identify Client Services, Inc. or state that Plaintiff had the right to dispute the validity of the debt or any portion thereof. Ryan's call to Plaintiff's cell phone was abruptly terminated or dropped by the cell carrier. Plaintiff heard nothing further from Ryan or anyone else calling on behalf of Chase the remainder of that date.

7.  Upon information and belief, sometime between Ryan's first call to Plaintiff and February 9, 2006, Ryan contacted a different Linda Kendrick who also resided in St. Clair County, Alabama. Ryan, without first determining the correct identity of the recipient of his call, who repeatedly denied having a Chase

Bank credit card, revealed private and confidential information to said person, and threatened to collect the Chase debt from her.

8. Upon information and belief, the aforementioned other Linda Kendrick referred Ryan to her co-worker, Plaintiff's then-estranged spouse from whom Plaintiff had been amicably separated for more than five (5) years. Ryan contacted Plaintiff's spouse revealing, without Plaintiff's permission, private and confidential information concerning Plaintiff, and threatened to sue Plaintiff's spouse even though he was not legally obligated with Plaintiff upon any Chase Bank debt.

9. On or about February 9, 2006, Plaintiff received an irate telephone call from the other Linda Kendrick, in which Plaintiff was threatened with criminal prosecution due to the aforementioned repeated harassment from Tim Ryan on behalf of Client Services, Inc. and Chase Bank.

10. On or about February 13, 2006, Plaintiff was contacted by her then-estranged spouse, who demanded a divorce on terms adverse to Plaintiff due to the continuing harassment and invasion fo Plaintiff's privacy by Tim Ryan.

11. Subsequent to these events and in part due to these illegal activities, Plaintiff's estranged husband demanded and obtained a divorce from Plaintiff on terms less than favorable.

## COUNT ONE
(Fair Debt Collection Practices Act

12. Plaintiff is a consumer within the meaning of said term pursuant to the Act, 15 U.S.C. § 1692(a)(3) on the debt sought to be collected by Client Services, Inc.

13. Defendant Client Services is a "debt collector" within the meaning of said term pursuant to the Act 15 U.S.C. 1692a(6).

14. Plaintiff avers that Client Services, Inc. through its agents, servants or employees, violated the Act in one or more of the following ways:

    A. By failing to provide (within five days of the initial communication) disclosures to the Plaintiff of her right to dispute the alleged debt as required by 15 U.S.C. §1692g(a).

    B. By failing to provide meaningful disclosure of the Defendant's identity as required by 15 U.S.C. §1692d(6).

    C. By failing to provide the debt collection warning required by 15 U.S.C. Section 1692e(11).

    D. By threatening to take action which was not intended to be taken, conveying a "false sense of urgency" in violation of 15 U.S.C. § 1692e.

    E. By contacting one or more third parties including but not limited to the Plaintiff's estranged husband, and revealing private and confidential information, without the Plaintiff's prior consent in violation of 15 U.S.C. § 1692b, §1692c(b).

    F.    By making a threat of suit, and a falsely so, against her estranged husband who was not legally obligated on this debt in violation of 15 U.S.C. § 1692e.

    G.    By using unfair and/or unconscionable means to attempt to collect a consumer debt, in violation of 15 U.S.C. § 1692f.

    H.    By otherwise violating the prohibitions and mandates of the Act.

15. As a proximate consequence of these actions, Linda Ann Kendrick was caused to suffer emotional distress and be sickened with worry, fright and embarrassment; her already strained marriage was irretrievably broken; her private information was openly revealed to others in her community causing her privacy to be invaded and suffer ridicule and humiliation, and she was otherwise injured and damaged.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant for actual damages, to be determined by the jury, plus $1,000.00 in statutory damages, plus costs of court and a reasonable attorney fee, pursuant to 15 U.S.C. 1692k(a).

## COUNT II
(Invasion of Privacy)

1. Plaintiff avers that Client Services, Inc. repeatedly contacted third parties and revealed private, confidential, and untrue information to said parties without Plaintiff's permission; thereby invading her privacy.

2.      As a proximate consequence of the invasion of privacy by Client Services, Inc., Plaintiff was caused embarrassment and ridicule, she was threatened with arrest and prosecution by those to whom said private and confidential information was disclosed; she was caused to become divorced from her then-estranged husband on less than favorable terms; she suffered emotional distress, worry, fright, and she was otherwise injured and damaged.

3.      Plaintiff avers that the invasion of her privacy was intentional, willful, and malicious, and Plaintiff requests punitive damages.

WHEREFORE, premises considered, your Plaintiff demands judgment for compensatory and punitive damages in an amount to be determined by the trier of fact, plus costs.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

A. WILSON WEBB (ASB 6009-B61A)
Alabama Consumer Law Group, P.C.
P.O. Box 8169
Gadsden, Alabama 35902
(256) 504-7979

Attorney for Plaintiff